NO. 12-10-00445-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

MICHAEL A. KENNEDY,                           §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION

            Relator
Michael A. Kennedy complains in this original mandamus proceeding that the
trial court’s failure to conduct his new sentencing hearing has violated his
right to a speedy trial.  See generally Kennedy v. State, No.
12-08-00246-CR, 2009 WL 4829989  (Tex. App.–Tyler Dec. 16, 2009, pet. stricken)
(affirming theft conviction, but reversing judgment as to sentencing and
remanding for new sentencing hearing).  Specifically, Relator states that the
October 26, 2010 sentencing hearing was postponed and that one or more
witnesses he planned to call for the October 26, 2010 hearing have died.  Consequently,
he argues, the trial court’s postponement of the hearing violated his due
process rights to call witnesses that would “refute and dispute” the prior
felony convictions alleged as enhancements in his original trial.  Finally, he
requests an order directing the trial court (1) to conduct the new sentencing
hearing in ten days and (2) to not allow any prior felony convictions to be
used for enhancement purposes.  We construe these statements as a complaint
that the trial court has violated his right to a speedy trial, that he has been
prejudiced thereby, and that the relief he seeks is the appropriate remedy for
the trial court’s conduct.

            The
traditional test for determining whether mandamus is appropriate in a criminal
case requires the relator to establish two things.  Simon v. Levario,
306 S.W.3d 318, 320 (Tex. Crim. App. 2009).  First, he must show that he has no
adequate remedy at law.  See id.  Second, he must show that the
act he seeks to compel does not involve a discretionary or judicial decision.  Id. 
In other words, the act must be ministerial.  See id.  Relator
presents no argument or authority relating to either of these prerequisites to
mandamus.  See Tex. R. App. P. 52.3(h). 
Moreover, the Texas Court of Criminal Appeals has held that appeal is available
“to test any asserted denial of his right to a speedy trial, both on a
statutory and constitutional basis.”  Ordunez v. Bean, 579 S.W.2d
911, 913-14 (Tex. Crim. App. 1979).  Therefore, mandamus is not available for
that purpose.  See id.  Accordingly, we deny
Relator’s petition for writ of mandamus.

 

                                                                             Brian
Hoyle

                                                                                          
             Justice

 

 

Opinion delivered January 19, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)